**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | | |
|---|---|---|
| **LINEX TECHNOLOGIES, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:07-CV-222-LED** |
| | § | |
| **BELKIN INTERNATIONAL, INC.,** | § | **JURY TRIAL REQUESTED** |
| **BUFFALO TECHNOLOGY (USA), INC.** | § | |
| **D-LINK SYSTEMS, INC., CISCO-** | § | |
| **LINKSYS LLC., NETGEAR INC.,** | § | |
| **PHOEBE MICRO, INC., SOHOWARE,** | § | |
| **INC., TRENDNET SYSTEMS INC.,** | § | |
| **WAVION, INC., ACER, INC., ASUS** | § | |
| **COMPUTER INTERNATIONAL, DELL** | § | |
| **INC., GATEWAY, INC., LENOVO** | § | |
| **(UNITED STATES) INC., and TOSHIBA** | § | |
| **AMERICA INFORMATION SYSTEM,** | § | |
| **INC.** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT ASUS COMPUTER INTERNATIONAL'S  ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant ASUS Computer International ("ASUS") hereby provides its Answer,

Affirmative Defenses, and Counterclaims, to the Complaint for Patent Infringement filed on June

1, 2007 ("Complaint") by Plaintiff Linex Technologies, Inc. ("Linex").

**The Parties**

1.      ASUS is without sufficient information to admit or deny the allegations of

paragraph 1 of the Complaint and on that basis denies each and every such allegation.

2.      ASUS is without sufficient information to admit or deny the allegations of paragraph 2 of the Complaint and on that basis denies each and every such allegation.

3.      ASUS is without sufficient information to admit or deny the allegations of paragraph 3 of the Complaint and on that basis denies each and every such allegation.

4.      ASUS is without sufficient information to admit or deny the allegations of paragraph 4 of the Complaint and on that basis denies each and every such allegation.

5.      ASUS is without sufficient information to admit or deny the allegations of paragraph 5 of the Complaint and on that basis denies each and every such allegation.

6.      ASUS is without sufficient information to admit or deny the allegations of paragraph 6 of the Complaint and on that basis denies each and every such allegation.

7.      ASUS is without sufficient information to admit or deny the allegations of paragraph 7 of the Complaint and on that basis denies each and every such allegation.

8.      ASUS is without sufficient information to admit or deny the allegations of paragraph 8 of the Complaint and on that basis denies each and every such allegation.

9.      ASUS is without sufficient information to admit or deny the allegations of paragraph 9 of the Complaint and on that basis denies each and every such allegation.

10.     ASUS is without sufficient information to admit or deny the allegations of paragraph 10 of the Complaint and on that basis denies each and every such allegation.

11.     ASUS is without sufficient information to admit or deny the allegations of paragraph 11 of the Complaint and on that basis denies each and every such allegation.

12.     ASUS admits that ASUS is a corporation organized and existing under the laws of the State of California and is doing business in this judicial district and elsewhere.  ASUS also admits that it may be served with process by serving its registered agent, Ron Lemieux at 600

2

Hansen Way, Palo Alto, California, 94304-1043.  Except as specifically admitted, ASUS denies each and every remaining allegation of paragraph 12 of the Complaint.

13.     ASUS is without sufficient information to admit or deny the allegations of paragraph 13 of the Complaint and on that basis denies each and every such allegation.

14.     ASUS is without sufficient information to admit or deny the allegations of paragraph 14 of the Complaint and on that basis denies each and every such allegation.

15.     ASUS is without sufficient information to admit or deny the allegations of paragraph 15 of the Complaint and on that basis denies each and every such allegation.

16.     ASUS is without sufficient information to admit or deny the allegations of paragraph 16 of the Complaint and on that basis denies each and every such allegation.

## Jurisdiction and Venue

17.     ASUS admits that the Complaint purports to set forth an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq, and further admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 35 U.S.C. § 271, but denies that the claims have any factual or legal basis.

18.     ASUS denies that the acts and transactions complained of in the Complaint give rise to any liability and specifically denies that there is any merit to the claim of Plaintiff Linex for patent infringement.  ASUS admits that ASUS has transacted business in this District.  ASUS is without sufficient information to admit or deny the allegations of paragraph 18 of the Complaint insofar as they relate to the remaining defendants and on that basis denies each and every such allegation.

**Claims for Patent Infringement**

19.     ASUS admits that, U.S. Patent No. 6,757,322 ("the '322 patent") indicates on its face that the United States Patent and Trademark Office issued the '322 patent on June 29, 2004, and that the '322 patent is entitled "Space Diversity and Coding, Spread-Spectrum Antenna and Method." ASUS specifically denies that the '322 patent is valid and enforceable. ASUS admits that the '322 patent purports on its face to be directed generally to transmitting and receiving wireless, spread spectrum signals using multiple antennas. ASUS admits that a copy of the '322 patent was attached to the Complaint as Exhibit A.

20.     ASUS admits that pursuant to 35 U.S.C. § 282, the '322 patent is presumed valid, but ASUS specifically denies that the '322 patent is valid.

21.     ASUS is without sufficient information to admit or deny the allegations of paragraph 21 of the Complaint and on that basis denies each and every such allegation, except that ASUS admits that the '322 patent lists Linex as Assignee on its face.

22.     ASUS admits that Belkin manufactures and sells wireless network products. ASUS is without sufficient information to admit or deny the remaining allegations of paragraph 22 of the Complaint and on that basis denies each and every such allegation.

23.     ASUS admits that Buffalo manufactures and sells wireless network products. ASUS is without sufficient information to admit or deny the remaining allegations of paragraph 23 of the Complaint and on that basis denies each and every such allegation.

24.     ASUS admits that D-Link manufactures and sells wireless network products. ASUS is without sufficient information to admit or deny the remaining allegations of paragraph 24 of the Complaint and on that basis denies each and every such allegation.

25.     ASUS admits that Linksys manufactures and sells wireless network products. ASUS is without sufficient information to admit or deny the remaining allegations of paragraph 25 of the Complaint and on that basis denies each and every such allegation.

26.     ASUS admits that Netgear manufactures and sells wireless network products. ASUS is without sufficient information to admit or deny the remaining allegations of paragraph 26 of the Complaint and on that basis denies each and every such allegation.

27.     ASUS is without sufficient information to admit or deny the allegations of paragraph 27 of the Complaint and on that basis denies each and every such allegation.

28.     ASUS is without sufficient information to admit or deny the allegations of paragraph 28 of the Complaint and on that basis denies each and every such allegation.

29.     ASUS admits that Trendnet manufactures and sells wireless network products. ASUS is without sufficient information to admit or deny the remaining allegations of paragraph 29 of the Complaint and on that basis denies each and every such allegation.

30.     ASUS is without sufficient information to admit or deny the allegations of paragraph 30 of the Complaint and on that basis denies each and every such allegation.

31.     ASUS is without sufficient information to admit or deny the allegations of paragraph 31 of the Complaint and on that basis denies each and every such allegation.

32.     ASUS admits that it sells wireless network products and laptop computers, including but not limited to the WL-5OOW, WL-1OOW, and WL-566gM wireless network products and the S6Fm, V1Jp, VX2, W2P and W6Fp laptop models.  ASUS specifically denies that these products incorporate wireless network features using multiple input/multiple output (MIMO) technology.  ASUS specifically denies that ASUS has infringed, contributed to the infringement of, or induced the infringement of any valid claims of the '322 patent, either

literally or by the doctrine of equivalents. Except as specifically admitted, ASUS denies each and every remaining allegation of paragraph 32 of the Complaint.

33.     ASUS admits that Dell manufactures and sells laptop computers. ASUS is without sufficient information to admit or deny the remaining allegations of paragraph 33 of the Complaint and on that basis denies each and every such allegation.

34.     ASUS is without sufficient information to admit or deny the allegations of paragraph 34 of the Complaint and on that basis denies each and every such allegation.

35.     ASUS is without sufficient information to admit or deny the allegations of paragraph 35 of the Complaint and on that basis denies each and every such allegation.

36.     ASUS is without sufficient information to admit or deny the allegations of paragraph 36 of the Complaint and on that basis denies each and every such allegation.

37.     To the extent that the allegations of this paragraph are directed to ASUS, ASUS denies them. To the extent that the remaining allegations of this paragraph are not directed to ASUS, ASUS is without sufficient information to admit or deny the allegations of paragraph 37 of the Complaint and on that basis denies each and every such allegation.

## Demand for Jury Trial

38.     ASUS admits that Linex has demanded a trial by jury.

## Prayer For Relief

39.     ASUS denies that Linex is entitled to any of its requested relief.

## General Denial

To the extent that any allegations of the Complaint are not specifically admitted, ASUS hereby denies them.

## Affirmative Defenses

Without admitting or acknowledging that it bears the burden of proof as to any of them, ASUS pleads the following affirmative defenses:

## First Affirmative Defense

### (Noninfringement)

40.     ASUS has not infringed, contributed to the infringement of, induced the infringement of, or otherwise directly or indirectly infringed any valid and enforceable claim of the '322 patent, either literally or under the doctrine of equivalents.

## Second Affirmative Defense

### (Noninfringement by Estoppel)

41.     The claims of the '322 patent are and were limited by amendment, by the prior art and/or by the statements made during the prosecution thereof in the United States Patent and Trademark Office, such that Linex is now estopped and otherwise precluded from maintaining that the claims of the '322 patent are of sufficient scope to cover the accused products and methods, either literally or under the application of the doctrine of equivalents.

## Third Affirmative Defense

### (Statutorily Invalid and/or Void)

42.     The claims of the '322 patent are invalid and/or void for failure to comply with the requirements of Part II of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 111, 112, 116 and/or 132.

**Fourth Affirmative Defense**

**(Inequitable Conduct)**

43.     Title 37 of the Code of Federal Regulations ("CFR") § 1.56 and the Manual for Patent Examination Procedure ("MPEP") § 2000.01, et seq. impose a duty of candor and good faith on each individual associated with the filing and prosecution of a patent application before the PTO, which requires he or she to disclose to the PTO all information that is material to the patentability of the application under examination. Breach of this duty of candor, good faith and honesty with intent to deceive the PTO constitutes inequitable conduct so as to render the affected patents unenforceable.

44.     Upon information and belief, during the prosecution of the application that ultimately led to the issuance of the '322 patent and the related patents – upon which the '322 patent claims priority and which also contains related and material claimed subject matter – the inventor, Donald L. Schilling, engaged in a pattern or practice of conduct that violated the duty of candor, good faith and honesty owed by patent applicants.

45.     Upon information and belief, on multiple occasions as part of the prosecution of the '322 patent and related patents, Donald L. Schilling, with intent to deceive the PTO, engaged in inequitable conduct, including failing to disclose material prior art known to Donald L. Schilling. Donald L. Schilling's repeated and intentional violations of the duty of candor, good faith and honesty, which are set forth in detail below, render the '322 patent unenforceable. ASUS's investigation is ongoing. ASUS reserves the right to seek leave to amend their Answer, Affirmative Defenses and Counterclaims to include additional facts or bases of inequitable conduct as they become known.

46.     The '322 patent was filed on September 25, 2002.

47.     The '322 patent claims priority to U.S. Patent No. 6,128,330.

48.     U.S. Patent No. 6,128,330 was filed on November 24, 1998.

49.     Donald L. Schilling is the sole named inventor of the '322 patent.

50.     Upon information and belief, Donald L. Schilling is named as an inventor in approximately forty-five patents that were filed between January 1, 1990 and November 24, 1997 and which relate generally to spread spectrum wireless communications.

51.     Upon information and belief, Donald L. Schilling is named as an inventor in U.S. Patent No. 5,081,643, which was filed on November 16, 1990. U.S. Patent No. 5,081,643 is entitled "Spread Spectrum Multipath Receiver Apparatus and Method." U.S. Patent No. 5,081,643 is directed generally to receiving wireless spread spectrum signals in a multipath environment while making use of time delays.

52.     Upon information and belief, Donald L. Schilling is named as an inventor in U.S. Patent Nos. 5,422,908, 5,633,889, 5,659,572, and 5,926,502, (the "Phased Array Patents") which were filed on November 22, 1993, April 1, 1996, June 28, 1994, and May 20, 1997 respectively. These patents are entitled "Phased Array Spread Spectrum System and Method." These patents are directed generally to receiving wireless spread spectrum signals in a multipath environment while making use of multiple antennas and spatial diversity.

53.     Upon information and belief, Donald L. Schilling is named as an inventor in U.S. Patent No. 5,956,369, which was filed on February 24, 1997. U.S. Patent No. 5,956,369 is entitled "Spread Spectrum Multipath Combining Subsystem and Method." U.S. Patent No. 5,956,369 is directed generally to receiving wireless spread spectrum signals in a multipath environment from a plurality of paths at different times.

54.     Upon information and belief, Donald L. Schilling is named as an inventor in U.S. Patent No. 6,014,405, which was filed on October 24, 1997. U.S. Patent No. 6,014,405 is entitled "Spread Spectrum Multipath Receiver Without a Tracking Loop." U.S. Patent No. 6,014,405 is directed generally to an improvement for receiving wireless spread spectrum signals in a multipath environment from a plurality of paths at different times.

55.     Upon information and belief, Donald L. Schilling is the co-author of an article entitled "Theory of Spread-Spectrum Communications - a Tutorial" that was published in the IEEE Transactions on Communication in May 1982.

56.     Upon information and belief, Donald L. Schilling is the co-author of an article entitled "Spread Spectrum for Mobile Communication" that was published in the IEEE Transactions on Vehicular Technology in May 1991.

57.     Upon information and belief, Donald L. Schilling is an editor of a book entitled "Spread-Spectrum Communications," authored by F. W. Ellersick and published in 1983 by John Wiley & Sons, Inc.

58.     Upon information and belief, Donald L. Schilling is the co-author of a book entitled "Principles of Communication Systems," which was published in 1986 in a second edition by McGraw-Hill.

59.     The patents and publications referenced in paragraphs 50-58 were all filed or published more than one year before the filing of U.S. Patent No. 6,128,330, and are prior art to the '332 patent and its parent patents.

60.     Many features relevant to the '322 patent's claims are disclosed in the patents and publications referenced in paragraphs 50-58. For example, the Phased Array Patents teach the use of multiple receiving antennas to process a wireless signal in a multipath environment

making use of spatial diversity and time delays. Because the Phased Array Patents disclose many of the central features claimed by the '322 patent, they would have been material to the PTO in deciding whether to allow Donald L. Schilling's then-pending claims.

61.     Upon information and belief, Donald L. Schilling had knowledge of the patents and publications referenced in paragraphs 50-58, and their materiality and relevance to the '322 patent, prior to the filing of the '322 patent application and its parents. Donald L. Schilling is a named inventor, author, or editor of all of the patents and publications referenced, and therefore knew or should have known of their contents at the time the patents and publications were filed or published. The patents and publications referenced were all filed or published more than one year prior to the filing of U.S. Patent No. 6,128,330, which the '322 patent claims priority from. Accordingly, Donald L. Schilling knew or should have known of the patents and publications referenced in paragraphs 50-58, and their materiality and relevance to the '322 patent, prior to the filing of the '322 patent application and its parents.

62.     Upon information and belief, at no time during the prosecution of the '322 patent, its parent U.S. Patent No. 6,466,610, and its parent U.S. Patent No. 6,128,330, did Donald L. Schilling disclose the existence of any of the patents or publications referenced in paragraphs 50-58.

63.     Upon information and belief, at no time during the prosecution of the '322 patent, its parent U.S. Patent No. 6,466,610, and its parent U.S. Patent No. 6,128,330, did Donald L. Schilling disclose the existence of any patents or publications that had not been cited by the USPTO in the prosecution of a parent application.

64.     Accordingly, the '322 patent is rendered unenforceable for inequitable conduct due to Donald L. Schilling's intentional failure to disclose any of the references listed in paragraphs 50-58 to the USPTO.

### Fifth Affirmative Defense

### (Patent Exhaustion)

65.     Linex's claims against ASUS are barred, at least in part, because Linex has exhausted its rights to the '322 patent.

### Sixth Affirmative Defense

### (Ownership)

66.     Upon information and belief, Linex's claims against ASUS are barred because Linex failed to join in this lawsuit InterDigital Technology Corporation, which is at least a partial owner of the '322 patent.

### ASUS's Counterclaims

Counterclaimant ASUS hereby counterclaims and alleges against Counterclaim Defendant Linex as follows:

### The Parties

67.     Counterclaimant ASUS is a corporation organized and existing under the laws of the State of California.

68.     Upon information and belief, Counterclaim Defendant Linex is a Delaware corporation with its principal place of business at 187 Highway 36, West Long Branch, New Jersey 07764.

**Jurisdiction and Venue**

69.     This Court has subject matter jurisdiction over ASUS's counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, United States Code, for which jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a).

70.     By filing its Complaint, Linex has consented to the personal jurisdiction of this Court.

71.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

**Declaratory Judgment For Noninfringement, Invalidity And Unenforceability Of U.S. Patent No. 6,757,322**

72.     ASUS incorporates by reference the allegations of paragraphs 40-66 above as though fully set forth herein.

73.     U.S. Patent No. 6,757,322 indicates on its face that it is entitled "Space Diversity and Coding, Spread- Spectrum Antenna and Method" ("the '322 patent") and was issued by the United States Patent and Trademark Office on June 29, 2004. Linex claims to own all rights in the '322 patent.

74.     Linex has asserted and continues to assert that ASUS is infringing the '322 patent. Linex has placed ASUS under a reasonable apprehension that certain products sold under the ASUS brand name are accused of infringing the '322 patent.

75.     ASUS is not infringing and is not threatening to infringe the '322 patent, directly or indirectly.

76.     The claims of the '322 patent are invalid.

77.     The '322 patent is unenforceable and/or void.

78.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between Linex and ASUS with respect to the enforceability, validity and infringement of the '322 patent.

## DEMAND FOR JURY TRIAL

79.     ASUS demands a trial by jury on all issues so triable, whether they arise from the Complaint or Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, ASUS requests entry of judgment in its favor and against Linex as follows:

A.     That the Court enter judgment against Linex and in favor of ASUS, and that Linex's Complaint be dismissed with prejudice;

B.     That Linex take nothing by reason of this lawsuit;

C.     That the Court enter a declaratory judgment declaring that ASUS does not directly or indirectly infringe any claim of U.S. Patent No. 6,757,322;

D.     That the Court enter a declaratory judgment declaring the claims of U.S. Patent No. 6,757,322 to be invalid;

E.     That the Court enter a declaratory judgment declaring U.S. Patent No. 6,757,322
       to be unenforceable;

F.     That Linex and its officers, agents, employees, representatives and counsel, and
       all persons in active concert or participation with any of them, be enjoined from
       charging infringement of, or instituting any action for infringement of U.S. Patent
       No. 6,757,322 against ASUS and its customers, or any manufacturer, distributor,
       retailer, or installer of ASUS products;

G.     That the Court declare this an exceptional case under 35 U.S.C. 285;

H.     That the Court award attorneys' fees and costs to ASUS; and

I.     That the Court award ASUS such other and further relief as this Court may deem
       just and appropriate.

August 6, 2007                                    Respectfully Submitted,

 

_____
Eric M. Albritton
Texas State Bar No. 00790215
Jason A. Saunders
Texas State Bar No. 24042406
J. Scott Hacker
Texas State Bar No. 24027065
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
ema@emafirm.com
jas@emafirm.com
jsh@emafirm.com

Scott Stevens
Texas State Bar No. 00792024
STEVENS LAW FIRM
P.O. Box 807
Longview, Texas  75606
(903) 753-6760 (phone)
(903) 753-6761 (fax)
scott@seslawfirm.com

Patrick D. Benedicto
California State Bar No. 195847
OKAMOTO & BENEDICTO LLP
1737 North First Street, Suite 270
San Jose, California  95112
(408) 436-2112 (phone)
(408) 436-2114 (fax)
Patrick@obllp.com

*Counsel for ASUS Computer International*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 6th day of August, 2007.

Eric M. Albritton