## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **LINEX TECHNOLOGIES, INC.** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 2:07-CV-00222-LED** |
| **v.** | § | |
| | § | **Jury Trial Demanded** |
| **BELKIN INTERNATIONAL, INC.,** | § | |
| **BUFFALO TECHNOLOGY (USA) INC.** | § | |
| **D-LINK SYSTEMS, INC.** | § | |
| **CISCO-LINKSYS LLC,** | § | |
| **NETGEAR, INC.** | § | |
| **PHOEBE MICRO INC.,** | § | |
| **SOHOWARE, INC.,** | § | |
| **TRENDNET SYSTEM INC.,** | § | |
| **WAVION, INC.,** | § | |
| **ACER, INC.,** | § | |
| **ASUS COMPUTER INTERNATIONAL,** | § | |
| **DELL INC.,** | § | |
| **GATEWAY, INC.,** | § | |
| **LENOVO (UNITED STATES) INC., and** | § | |
| **TOSHIBA AMERICA INFORMATION** | § | |
| **  SYSTEMS, INC.** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS BELKIN INTERNATIONAL, INC, BUFFALO TECHNOLOGY (USA) INC, D-LINK SYSTEMS, INC., CISCO-LINKSYS LLC, NETGEAR, INC., PHOEBE MICRO INC., DELL INC., GATEWAY, INC., LENOVO (UNITED STATES) INC. AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S MOTION TO STRIKE LINEX'S INFRINGEMENT CONTENTIONS OR IN THE ALTERNATIVE, MOTION TO COMPEL LINEX TO PROVIDE INFRINGEMENT <u>CONTENTIONS THAT COMPLY WITH PATENT RULE 3-1</u>**

Defendants Belkin International, Inc., Buffalo Technology (USA) Inc., D-Link Systems, Inc., Cisco-Linksys LLC, Netgear, Inc., Phoebe Micro, Inc., Dell, Inc., Gateway, Inc., Lenovo (United States) Inc., and Toshiba America Information Systems, Inc. (hereinafter "Defendants") respectfully request that the Court strike Linex Technologies, Inc.'s ("Linex") Patent Rule 3-1 Infringement Contentions based on Linex's failure to comply with the requirements as set forth in the Local Patent Rules.

## I.    INTRODUCTION

For its Infringement Contentions in this case, Linex has provided each Defendant with one generic claim chart which is apparently intended to cover every single one of that Defendant's Accused Products.  Moreover, all of the generic claim charts that Linex served on Defendants are essentially identical.  In other words, Linex has produced <u>one</u> generic chart for the wide variety of Defendants' Accused Products.  Linex's generic Infringement Contentions do not even come close to complying with the clear requirements of Local Patent Rule 3-1.

Linex has attempted to retroactively repair its claim charts by arguing that all of the Accused Products infringe because they are compliant with a particular draft of an upcoming standard promulgated by the IEEE standards body.  Yet, Linex has not even identified where each element of each asserted claim can allegedly be found in the draft standard. Moreover, many of the Accused Products do not even comply with the IEEE standard to which Linex cites. Further, Linex has not made *any* infringement contentions with respect to other Accused Products.  These problems are all compounded by the fact that Linex failed to provide contentions on a product by product basis as required.

There are other critical problems as well.  For example, while the asserted claims recite a spread spectrum digital modulation method, Linex has not provided any analysis on how it contends those claims read on the Accused Products which use a different digital modulation method, Orthogonal Frequency Division Multiplexing ("OFDM").  Additionally, Linex has not provided any contentions regarding joint or indirect infringement, even though many claims require a combination of several products or activities to even arguably infringe.  Finally, Linex has failed to identify the claims that it asserts contain means plus function elements and to identify the structure(s) in the Accused Products that allegedly perform the claimed function.

The Local Patent Rules are intended to bring order and structure to a patent lawsuit.  In this case, Linex's refusal to comply with the Local Patent Rules has left Defendants guessing as to where Linex contends each element of each asserted claim is found in the Accused Products.  This has seriously prejudiced the Defendants' ability to prepare their defenses.  Defendants have given Linex every opportunity to correct its deficient Infringement Contentions without Court involvement.  Linex has refused.  Accordingly, the Defendants respectfully request that the Court enforce the Local Patent Rules and strike Linex's Infringement Contentions.

## II.    BACKGROUND

On June 1, 2007, over a year ago, Linex filed this lawsuit alleging infringement of U.S. Patent No. 6,757,322 ("the patent-in-suit").  On March 13, 2008, nearly ten months after filing suit, Linex served its Infringement Contentions asserting infringement against a wide array of products and product categories.  *See* Exhs. B-K, Plaintiff Linex Technologies, Inc.'s Disclosure of Asserted Claims and Infringement Contentions for each of the Defendants.  While Linex

originally asserted only two claims in its Complaint, it now asserts four claims—two independent method claims and two independent apparatus claims. *Id.*

As set forth in Linex's Infringement Contentions and shown in the table below, Linex is accusing a significant number of products of infringement:

| REMAINING DEFENDANTS[1] | ACCUSED PRODUCTS | | |
|---|---|---|---|
| Belkin | Wireless G Plus MIMO Router<br>Wireless G Plus MIMO Notebook Card<br>Wireless G Plus MIMO USB Adapter<br>N1 Wireless Router<br>N1 Wireless Notebook Card<br>N1 Wireless Desktop Card<br>N1 Wireless USB Adapter | | |
| Buffalo Tech. | WZR-G108<br>WLI-PCI-G300N<br>WLI-CB-AG300N | WLI-CB-G108<br>WLI-CB-G300N<br>WLI-U2-G300N | WZR-G300N<br>WZR-AG300NH |
| Cisco- Linksys | WRT-150N<br>WRT-350N<br>WRT54BX4<br>WAP54GX<br>WUSB300N<br>WUSB54GX4 | WRT-330N<br>WRV2440N<br>WRT54GX2<br>WMP300N<br>WMP54GX4<br>WRV200 | WRT-300N<br>WRT54GX<br>WAP4400N<br>WPC4400N<br>WPC54GX |
| D-Link | D1634M<br>DIR-855 | DWL-G520M | DWL-G650M |
| Dell | "XPS and Inspiron series of laptops that include the Dell Wireless 1500 card" | | |
| Gateway | NX860X | NX860XL Series of Laptops | |
| Lenovo (US) | 3000 C200<br>3000 V100 Series of Laptops | 300 N100 | |
| NetGear | WPN824<br>WPN311<br>WNR834B<br>WPNT834<br>WN311T<br>WPNT121 | WPN834B<br>WPN111<br>WNR854T<br>WN121T<br>WN511B<br>WPNT511 | WPN854T<br>WPN511<br>WNR834M<br>WN311B<br>WN511T |
| Phoebe Micro | AR625W 300N<br>AWLC6045 300N<br>AWLH6045 300N<br>AR525W MIMO XR<br>AWLC5025 MIMO XR<br>AWLH5026 MIMO XR<br>AWLH5025 MIMO XR | | |
| Toshiba | Satellite A205 Series of Laptops | | |

---

[1]    Linex initially sued fifteen companies for infringement of the patent-in-suit. The ten Defendants that remain are listed in this chart.

The product categories include routers, cards, personal computers and laptop computers, some of which purportedly comply with <u>one or more *drafts*</u> of IEEE standard 802.11n, which is a set of standards for the implementation of a particular type of wireless local area network.  *See* Exh. L. Some of the Accused Products do not comply with 802.11n, but instead comply with *other* IEEE standards.  And with respect to the Accused Products that do purportedly comply with a draft of 802.11n, while there may be some overlap, those products generally incorporate different designs, different chipsets, and different software.  Moreover, the various chipsets are designed and manufactured by different entities and the software found in the chipsets are for the most part designed, manufactured and sold by yet different entities.  Further, the Accused Products do not all share the same antenna structure or processor functionality.

Despite the multitude of differences between the Accused Products and the components in those products, Linex's Infringement Contentions consist of one generic claim chart for each Defendant.  Moreover, each of these charts is essentially *the same exact chart.  See* Exhs. B-K. In other words, Linex served the exact same chart for personal computers, as it did for routers, as it did for every other Accused Product.  Indeed, the exact same typographical error ("a plurality [sic] demappers") appears on page 10 in each and every claim chart.

Upon receipt of Linex's generic Infringement Contentions, Defendants promptly identified numerous inadequacies under P.R. 3-1 and requested a meet and confer with Linex. *See* Exh. M, 3/24/08 Letter from D. Burke to S. Abbott.  In response, Linex repeatedly asserted that its generic claim charts comply with P.R. 3-1, arguing that each Accused Product infringes by virtue of its compliance with a draft 802.11n standard.  *See* Exh. N, 4/10/08 Letter from C. Vowell to D. Burke.  Linex eventually stated that it would supplement its contentions *after* the

Defendants produced documents.   *See* Ex. O, 4/15/08 Email from C. Vowell to D. Burke. Defendants explained that this would be antithetical to the Local Patent Rules as it is the Infringement Contentions themselves that are designed to inform defendants of a plaintiff's contentions and thereby guide the discovery process.   Nonetheless, Linex refused to fully correct the deficiencies in its Infringement Contentions.

## III.   LEGAL STANDARDS

Before filing a patent infringement lawsuit, a plaintiff is required to determine specifically how each element of each asserted claim is allegedly infringed by each accused product.   *See View Eng'g Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed. Cir. 2000), *see also* Fed. R. Civ. P. 11.   In doing so, a plaintiff is required to rigorously analyze all publicly available information.   *Orion IP vs. Staples, Inc.,* 407 F.Supp.2d 815, 817 (E.D.Tex. 2006) (Davis, J.).   Accordingly, the Local Patent Rules require a patent plaintiff to disclose its Infringement Contentions before discovery has begun.   *See* P.R. 3-1.   These Infringement Contentions should include the relevant facts obtained by the plaintiff in its prefiling investigation.   *See Network Caching Tech.  v. Novell, Inc.*, Case No. C-01-2079-VRW, 2002 WL 32126128 at *6. (N.D. Cal. Aug. 13, 2002); *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (the Patent Rules establish "high expectations" as to a plaintiff's preparedness before filing suit).

In this regard, Infringement Contentions must map the patent claims to the Accused Products by including "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality."   P.R. 3-1.   Rule 3-1 further requires that Infringement Contentions describe "particular theories of infringement with sufficient specificity

to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves." *Orion,* 407 F.Supp.2d at 817.   Infringement Contentions that provide vague, conclusory language do not comply with the Local Rules. *Motorola, Inc. v. STMicroelectronics, N.V. et al.*, 308 F.Supp.2d 754, 755 (E.D.Tex. 2004); *see also Network Caching Tech., LLC,* 2002 WL 32126128 at *5-*6. (N.D. Cal. Aug. 13, 2002) (addressing N.D. California Local Rules).

Finally, Infringement Contentions must include, "for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function."  P.R. 3-1.

The reasoning behind requiring detailed Infringement Contentions is clear:

> Specific theories create a specific trajectory for the case. When parties accuse hundreds of products of infringing hundreds of claims, and only narrow those accusations after discovery, the case staggers for months without clear direction. However, when parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions, as the Patent Rules require, the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for *Markman,* summary judgment, trial, and beyond.

*ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005); *see also Am. Video Graphics*, 359 F. Supp. 2d at 560.    Without detailed Infringement Contentions, Defendants cannot adequately prepare their defenses.  *See Am. Video Graphics,* 359 F.Supp.2d at 560.

## IV.    ARGUMENT

### A.    Linex's Infringement Contentions Do Not Comply with the Local Patent Rules.

#### 1.    Linex's Attempt to Incorporate the Draft 802.11n Standard is Inadequate.

The overriding issue with Linex's Infringement Contentions is that instead of providing any actual detail, Linex attempted to simply incorporate every draft of the 802.11n standard (many of which are approximately 500 pages). *See* Exhs. B-K, P.R. 3-1 Disclosure at I.(b). (asserting infringement on the basis that products are "compliant with *current and/or prior versions* of the IEEE 802.11n standard") (emphasis added). After Defendants pointed out the countless problems with such an approach, Linex attempted to cure those problems by sending Defendants a letter stating that it had produced "what it believes to be the latest draft of the [802.11n] standard" and citing to the "architecture in Sections 20.1, 20.3.3, 20.3.4, 20.3.21 and Figure n64 and its accompanying text" of that draft standard as evidence of infringement. Exh. N, 4/10/08 Letter from C. Vowell to D. Burke. To date, Linex has not even specifically identified the particular draft of the standard on which it is now relying other than to say that Linex produced it to Defendants.

In any event, Linex has made it clear that it now wants to retroactively base its Infringement Contentions on the sole notion that the Accused Products infringe because they are compliant with some particular draft of the 802.11n standard. But several of the Accused Products *are not even purported to comply with 802.11n.* For example, numerous Accused Products operate under other IEEE standards such as 802.11b or g (e.g., AWLC5025 MIMO XR, AWLH5026 MIMO XR, AWLH5025 MIMO XR, WZR-G108, WLI-CB-G108, Wireless G Plus MIMO USB Adapter, Wireless G Plus MIMO Router, Wireless G Plus MIMO Notebook Card and DWL-G650M). Because such products operate under different standards, Linex has not offered *any* theory of infringement as to those products.

Even for the products that *are* purported to be 802.11n compliant, Linex has not come close to identifying "specifically where each element of each asserted claim" is allegedly found in the draft 802.11n standard Linex produced to Defendants.  *See* P.R. 3-1.  Specifically, Linex merely cites to approximately ten pages of diagrams and text from that 802.11n draft standard yet offers very little explanation of how Linex claims those diagrams and text meet all the claim limitations.  *See* Exh. N, 4/10/08 Letter from C. Vowell to D. Burke.

By way of example, Claim 33 of the patent-in-suit requires "a plurality of despreading devices" that result in a "first plurality of detected spread-spectrum signals and a second plurality of spread-spectrum signals, respectively."  Exh. A, '322 Patent at Col. 20, lines 37-42.  Claim 33 further requires "a plurality of combiners for combining . . . each of the first plurality of detected spread-spectrum signals, thereby generating a first combined signal, and for combining . . . each of the second plurality of detected spread spectrum signals thereby generating a second combined signal."  Exh. A, '322 Patent at Col. 20, lines 43-50.  Thus, at the very least, Linex was required to specifically identify: (1) a plurality of despreading devices, (2) a first plurality of detected spread spectrum signals; (3) a second plurality of detected spread spectrum signals, and (4) a plurality of combiners that combines each of the first plurality of detected spread-spectrum signals and each of the second plurality of detected spread spectrum signals.  Instead, Linex only made the general and conclusory assertion that "one or more OFDM symbols are demapped via a plurality [sic] demappers" and that "[m]ultiple signals received by each one of the multiple antennas . . . are provided to a combiner . . . ."  Exhs. B-K, at p. 10.  Linex does not identify *any* structure or signal in the draft 802.11n standard that it contends is the actual demapper, or the combiner, or the recited "detected spread-spectrum signals."

As another example, Claim 25 requires "imparting . . . multipath on the plurality of
spread-spectrum signals, thereby generating at least a first spread spectrum signal having a first
channel of data arriving from a first path of the multipath, and a second spread-spectrum signal
having a second channel of data arriving from a second path of the multipath." Exh. A, '322
Patent at Col. 18, lines 56-62. Yet, Linex has not identified in the draft 802.11n standard: (1)
which signal is the first spread-spectrum signal, (2) what is the first channel of data, (3) what is
the first path of the multipath; (4) which signal is the second spread-spectrum signal; (5) what is
the second channel of data, or (6) what is the second path of the multipath. *See* Exhs. B-K, at p.
7. This information is critical, as it is the first and second spread spectrum signals (those
generated by imparting multipath and arriving by the first and second paths), that must be
detected in later steps.

There are similar problems for most all of the elements of the asserted claims. As such,
Linex's vague and conclusory Infringement Contentions do not come close to "identifying
specifically where each element of each asserted claim is found within each Accused
Instrumentality. . . . ." *See* P.R. 3-1; *see also Motorola, Inc. v. STMicroelectronics, N.V. et al.*,
308 F.Supp.2d 754, 755 (E.D. Tex. 2004). Instead, Linex's mere citation to the draft 802.11n
standard has left Defendants completely in the dark as to what aspects of their products are
accused of meeting the asserted claim elements.

> **2.     Linex's Charts Do Not Disclose Infringement Contentions For
> Specific Accused Products.**

Even if Linex had provided an adequate explanation of how language in the draft 802.11n
standard allegedly meets the limitations of the asserted claims, Linex's generic claim charts fail

to disclose any contentions for specific products.  *See* Exhs. B-K.  This is inadequate under P.R. 3-1(c).  *See ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526 (E.D. Tex. 2005).

Linex's failure to provide claim charts for specific Accused Products is significant because the cited draft 802.11n standard provides methodologies and functional block diagrams as guidelines.  They are not an actual design for the equipment used to implement the standard.  In fact, for some of the methodologies, such as the specific receiver processing to be employed in standard compliant systems, the cited draft standard does not even specify which methodology should be used but instead leaves the design and selection up to individual designers and manufacturers.    Moreover, as discussed below, many of the asserted claims require a combination of several products or activities to even arguably infringe.

Nonetheless, Linex has not provided product by product Infringement Contentions for its asserted method and apparatus claims.  With respect to the asserted method claims (Claims 1 and 25), Linex must prove that the Accused Products, when operated, perform the recited steps in the manner claimed.  Linex's Infringement Contentions, however, do not explain how each Accused Product performs each of the recited steps.  Rather, they merely reference several pages of text and diagrams from a version of the draft standard (*See* Exhs. B-K), simply ignoring the fact that the method utilized by the Accused Products may be different from a particular method described in the draft standard.  With respect to the asserted apparatus claims (Claims 9 and 33), Linex must prove that the Accused Products actually include each claimed limitation.  But again, Linex has not shown where any specific apparatus limitation is found in a single Accused Product.  *See* Exhs. B-K.

In summary, despite of all the potential differences between the draft 802.11n standard and the Accused Products, Linex has not provided a single contention that is product specific. To the extent Linex's contentions are different for any product or product category, Linex was required to have provided that in its Infringement Contentions on a product by product basis.[2]

### 3. Linex's Infringement Contentions Fail to Address the Manner in Which OFDM Allegedly Satisfies Claim Requirements Which Cover Spread Spectrum.

The four asserted claims of the patent-in-suit recite "<u>spread spectrum</u>" processing.  For example, Claim 1 recites the language "spread spectrum" no less than fifteen times (*e.g.*, "spread spectrum processed," "spread spectrum sub-channel signals," "spread-spectrum signals," "first spread-spectrum signal," "second spread-spectrum signal").  Yet every single Accused Product in this case is alleged to utilize <u>OFDM</u> processing.[3]

Despite these differences, Linex has failed to provide any analysis or support for its apparent assertion that products which operate using OFDM (along with other modulation schemes) satisfy the "spread spectrum" claim limitations.  In fact, Linex has actually taken the position that it is not required to provide these contentions.  Exh. N, 4/10/08 Letter from C.

---

[2]     Linex's generic Infringement Contentions give no indication of any testing or analysis performed on a single Accused Product.  Indeed, Linex admitted in its response to Defendants' Interrogatories that it that it only reviewed product literature and did not reverse engineer any Accused Product.  Exh. Q, Linex's Objections and Responses to the Second Set of Common Interrogatories, p. 4.  This is perplexing as most of the Accused Products are readily available and relatively inexpensive.  Many of the Accused Products can be purchased for less than $100.00 at stores like Best Buy or over the Internet and shipped direct.  Linex could have easily opened up many of the Accused Products with a simple screwdriver.  There are numerous microchips found in these devices, practically every one of which has a manufacturer identification number.  Many are even branded with the actual name of the manufacturer.  From that information, Linex could have reviewed publicly available data sheets and other literature that explain at a high level the operation of these microchips.  Instead, it appears that Linex did not even take the time to remove a few screws to investigate any of the Accused Products.

[3]     OFDM is a frequency modulation scheme of which there are numerous variations.  One such variation has been discussed in IEEE standard 802.11n.

Vowell to D. Burke, ("[i]t is not necessary for Linex to explain in detail how OFDM is a spread spectrum system, nor is it required under the spirit or the letter of P.R. 3.1").

### 4.    Linex's Infringement Contentions Fail To Address The Claim Limitations That Require Simultaneous Transmit and Receive.

The asserted claims recite both transmission of a signal and reception of that transmitted signal.  Exh. A, '322 Patent at Claims 1, 9, 25 and 33.  Thus, the asserted claims appear to require two separate communication devices communicating with each other—one device to transmit the signal and one to receive the transmitted signal.  Yet, in its generic claim charts, Linex has not identified a single Accused Product that meets both of these claim limitations.  This is especially problematic in light of the fact Linex has not provided any contentions regarding indirect or joint infringement.  Again, Linex was required to determine specifically how each element of each asserted claim is allegedly infringed by each Accused Product before filing suit.  *See View Eng'g Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed. Cir. 2000); *see also* Fed. R. Civ. P. 11.  Here, it is clear that Linex either did not perform an adequate analysis or has not provided it to Defendants.  Either way, Linex has ignored its clearly established legal obligations.

### 5.    Linex Has Not Identified the Claim Elements That It Contends Are Means Plus Function Elements.

Patent Rule 3-1 requires that Infringement Contentions include for "each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function."  During prosecution of the patent-in-suit, Linex asserted to the PTO "that Claims 33 [an asserted claim] and 41 employ means plus function, as elements in the claims." Exh. Q, Request for

Reconsideration Certificate of Correction, filed August 23, 2004.  Nonetheless, Linex has not identified Claim 33, or any other claim or claim element, that it contends is governed by 35 U.S.C. § 112(6).

### B.    The Court Should Strike Linex's Infringement Contentions.

This Court has the inherent power to enforce its rules and to impose appropriate remedies for violations thereof.  *Nike Inc., v. Adidas Am. Inc*., 479 F. Supp. 2d 664, 668 (E.D. Tex. 2007) (*citing* Fed. R. Civ. P. 16(f); *Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 887 n.3 (5th Cir. 1968)).

In deciding whether to strike insufficient Infringement Contentions, courts consider various factors. *Nike*, 479 F. Supp. 2d at 668.  These factors include: 1) the danger of unfair prejudice to the non-movant; 2) the importance of the particular matter, and whether a lesser remedy would adequately address the situation and also deter future violations of the court's local rules; and 3) whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after the need to disclose additional information became apparent.  *Id*. Each of these factors favors striking Linex's Infringement Contentions.

First, there is no danger of unfair prejudice to Linex.  The requirements of early detailed Infringement Contentions are clear and well established.  Nonetheless, Linex made a tactical decision to eschew those obligations.  Defendants informed Linex of the numerous deficiencies with its Infringement Contentions and gave Linex multiple opportunities to correct those deficiencies without Court involvement.  Linex again made a tactical decision not to remedy the deficiencies.  Thus, there is no surprise or unfair prejudice in requiring Linex to stand or fall based on the adequacy of its Infringement Contentions.

Conversely, Defendants will unquestionably suffer prejudice if Linex's Infringement Contentions are not stricken. It has been over a year since Linex filed suit and it is still unclear as to what Linex is contending. As a result, it has been nearly impossible for Defendants to fully prepare their defenses. Linex's disregard for its obligations has also caused the Defendants to unnecessarily expend significant resources just to determine what Linex may be contending in this case.

Second, this issue is extremely important because Infringement Contentions are an integral part of this, as well as every other, patent case. The purpose of Patent Rule 3-1 is "to further the goal of full timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Id.* at 667 (internal quotation and citation omitted). Here, Linex's Infringement Contentions do not further these important goals. Quite the opposite, Linex's deficient Infringement Contentions have seriously compromised the Defendants' ability to adequately formulate and present their defenses in this case.

It is also clear that no lesser remedy would adequately address this situation or deter future conduct of a similar nature. If Linex is given yet more time and permitted to finally serve adequate Infringement Contentions at this late stage, then Linex will have actually benefited from serving obviously deficient Infringement Contentions and forcing Defendants to raise the issue with the Court. Moreover, Defendants would be prejudiced by having less time after finally learning of Linex's actual contentions to prepare their defenses, collect documents and complete discovery.

Finally, Linex has not been diligent in either providing the required information or seeking an extension of time.  In fact, Linex has repeatedly refused the opportunity to amend its Infringement Contentions.  *See* Exh. N, 4/10/08 Letter from C. Vowell to D. Burke; *see also,* Exh. O, 4/15/08 E-mail from C. Vowell to D. Burke.  Thus, Linex has not shown the required diligence in this case.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion and strike Linex's Infringement Contentions.  In the alternative, Defendants request that the Court order Linex to provide Infringement Contentions that comply with Local Patent Rule 3-1 within ten (10) days.

Dated:  July 11, 2008                    Respectfully submitted,

                                         By:  /s/ Trey Yarbrough
                                             Trey Yarbrough
                                             (Texas Bar No. 22133500)
                                             100 E. Ferguson St., Ste. 1015
                                             Tyler, Texas 75702
                                             Telephone: (903) 595-3111
                                             Facsimile: (903) 595-0191

                                             Ryan K. Yagura (*Pro Hac Vice*)
                                             Brian M. Berliner (*Pro Hac Vice*)
                                             Nicholas J. Whilt (*Pro Hac Vice*)
                                             O'MELVENY & MYERS LLP
                                             400 South Hope Street
                                             Los Angeles, California 90071-2899
                                             Telephone: (213) 430-6000
                                             Facsimile: (213) 430-6407

                                             Attorneys for Belkin International, Inc.

                                         By:  /s/ Jennifer Parker Ainsworth
                                             Jennifer Parker Ainsworth
                                             (Texas Bar No. 00784720)
                                             WILSON SHEEHY KNOWLES
                                             ROBERTSON & CORNELIUS PC
                                             909 ESE Loop 323
                                             Suite 400
                                             P.O. Box 7339
                                             Tyler, TX 75711-7339
                                             Telephone:  (903) 509-5000
                                             Facsimile:    (903) 509-5092

                                             Richard D. Kelly (*Pro Hac Vice*)
                                             Robert Mattson (*Pro Hac Vice*)
                                             Frank J. West (*Pro Hac Vice*)
                                             Takahiro Miura (*Pro Hac Vice*)
                                             Andrew Harry (*Pro Hac Vice*)
                                             Kenneth Wilcox (*Pro Hac Vice*)
                                             OBLON, SPIVAK, McCLELLAND
                                             MAIER & NEUSTADT, P.C.
                                             1940 Duke Street

**DEFENDANTS' MOTION TO STRIKE LINEX'S PATENT**
**RULE 3-1 INFRINGEMENT CONTENTIONS – Page** 16

Alexandria, VA 22314
Telephone:  (703) 413-3000
Facsimile:    (703) 413-2220

Attorneys for Buffalo Technology (USA), Inc.


By: _/s/ Christine Yang_____
    Nathan J. Prepelka
    The Webb Law Firm
    700 Koppers Building
    Pittsburgh, Pennsylvania 15219
    Tel: (412) 471-8815
    Fax: (412) 471-4094

    Christine Yang
    cyang@sjclawpc.com
    Law Office of S. J. Christine Yang
    17220 Newhope Street, Suite 101-102
    Fountain Valley, California  92708
    Telephone: (714) 641-4022
    Fax: (714)641-2082

    Attorneys for D-Link Systems, Inc.


By:  _/s/ Garret Chambers_____
    Sam Baxter
    *Lead Attorney*
    McKool Smith, P.C.
    Texas State Bar No. 01938000
    sbaxter@mckoolsmith.com
    104 East Houston Street, Suite 300
    P.O. Box 0
    Marshall, Texas 75670
    Telephone: (903) 923-9000
    Fax: (903) 923-9099

    Garret W. Chambers
    Texas State Bar No. 00792160
    gchambers@mckoolsmith.com
    R. Darryl Burke
    Texas State Bar No. 03403405

**DEFENDANTS' MOTION TO STRIKE LINEX'S PATENT
RULE 3-1 INFRINGEMENT CONTENTIONS – Page** 17

dburke@mckoolsmith.com
Kristi Thomas
Texas State Bar No. 24027909
kthomas@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Otis W. Carroll, Jr.
otiscarroll@icklaw.com
Jack Wesley Hill
wesleyhill@icklaw.com
Ireland, Carroll and Kelley, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone:  (903) 561-1600
Fax: (903) 581-1071

Byron Cooper
(CA State Bar No. 166578)
bcooper@goodwinprocter.com
Gregory S. Bishop
(CA State Bar No. 184680)
gbishop@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel: (650) 752-3100
Fax: (650) 853-1038

J. Anthony Downs
(BBO No. 552839)
jdowns@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel: (617) 570-1000
Fax: (617) 523-1231

Attorneys for Cisco-Linksys LLC

**DEFENDANTS' MOTION TO STRIKE LINEX'S PATENT
RULE 3-1 INFRINGEMENT CONTENTIONS** – Page 18

By: /s/ Brian D. Range
M. Craig Tyler
Texas State Bar No. 00794762
Brian D. Range
Texas State Bar No. 24033106
WILSON, SONSINI, GOODRICH & ROSATI
8911 Capital of Texas Hwy. North
Westech 360, Suite 3350
Austin, TX 78746
Tel. (512) 338-5400
Fax (512) 338-5499

James A. DiBoise (*Pro Hac Vice*)
Lead Trial Counsel
WILSON, SONSINI, GOODRICH & ROSATI
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
Tel. (415) 947-2000
Fax (415) 947-2099

Ryan R. Smith (*Pro Hac Vice*)
WILSON, SONSINI, GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel. (650) 493-9300
Fax (650) 565-5100

Counsel for Defendant Netgear, Inc.

By: /s/ Eric H. Findlay
Eric H. Findlay
Texas State Bar No. 00789886
Andrew W. Stinson
Texas State Bar No. 24028013
Ramey & Flock PC
100 E. Ferguson, Suite 500
Tyler, TX  75702-0629
Tel. (903) 510-5213
Fax (903) 597-2413
E-mail: ericf@rameyflock.com
E-mail: andys@rameyflock.com

**DEFENDANTS' MOTION TO STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS – Page** 19
Dallas 255711v9

William D. Coston
Lead Attorney
Andrew C. Aitken
Venable LLP
575 7th Street, NW
Washington, DC  20004
(202) 344-4000
(202) 344-8300 FAX
acaitken@venable.com
wdcoston@venable.com

Counsel for Defendant Phoebe Micro, Inc.


By: /s/ Daniel T. Conrad
Thomas R. Jackson, Esq.
Attorney-in-Charge
(Texas State Bar No. 10496700)
trjackson@jonesday.com
Daniel T. Conrad, Esq.
State Bar No. 24026608
dtconrad@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100


Attorneys for Dell Inc.


By: /s/ Darren P. Mareiniss
Bryan Farney
Lead Attorney
Texas State Bar No. 06826600
Jeffrey B. Plies
Texas State Bar No. 24027621
Darren P. Mareiniss
Texas State Bar No. 24050987
DECHERT LLP
300 W. 6th Street, Suite 1850
Austin, Texas 78701
Telephone:  (512) 394-3000

Facsimile:   (512) 394-3001
E-mails:  bryan.farney@dechert.com
jeff.plies@dechert.com
darren.mareiniss@dechert.com

Eric H. Findlay
Texas State Bar No. 00789886
100 East Ferguson, Suite 500
Tyler, Texas 75702
Telephone:  (903) 597-3301
Facsimile:   (903) 597-2413
E-mail: efindlay@rameyflock.com

Attorneys for Gateway, Inc.,
and Lenovo (United States) Inc.


By: /s/ Irfan A. Lateef
Irfan A. Lateef
Craig S. Summers (Pro Hac Vice)
Irfan A. Lateef
Cheryl T. Burgess
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-8502
csummers@kmob.com
ilateef@kmob.com
cburgess@kmob.com
LitTAISL.010L@kmob.com

Trey Yarbrough
(Texas State Bar No. 2213350)
Yarbrough & Wilcox, PLLC
100 E. Ferguson, Suite 1015
Tyler, TX  75702
Telephone:  (903) 595-3111
Facsimile:  (903) 595-0191
trey@yarbroughlawfirm.com

Attorneys for Toshiba America Information
Systems, Inc.


**DEFENDANTS' MOTION TO STRIKE LINEX'S PATENT**
**RULE 3-1 INFRINGEMENT CONTENTIONS** – **Page** 21

## <u>CERTIFICATE OF CONFERENCE</u>

Counsel for Defendants have met and conferred with counsel for Plaintiff Linex in a good faith attempt to resolve this issue without Court involvement.  The parties were unable to resolve the issue and Linex opposes the relief requested in this motion.

/s/  Garret W. Chambers
Garret W. Chambers

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record on the 11th day of July, 2008.

/s/  Garret W. Chambers
Garret W. Chambers

**DEFENDANTS' MOTION TO STRIKE LINEX'S PATENT
<u>RULE 3-1 INFRINGEMENT CONTENTIONS</u> – Page** 22