IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LINEX TECHNOLOGIES, INC.** § § § | |
| **Plaintiff,** § § | Civil Action No. 2:07-CV-00222-LED |
| v. § § | Jury Trial Demanded |
| **BELKIN INTERNATIONAL, INC.,** § | |
| **BUFFALO TECHNOLOGY (USA) INC.** § | |
| **D-LINK SYSTEMS, INC.** § | |
| **CISCO-LINKSYS LLC,** § | |
| **NETGEAR, INC.** § | |
| **PHOEBE MICRO INC.,** § | |
| **SOHOWARE, INC.,** § | |
| **TRENDNET SYSTEM INC.,** § | |
| **WAVION, INC.,** § | |
| **ACER, INC.,** § | |
| **ASUS COMPUTER INTERNATIONAL,** § | |
| **DELL INC.,** § | |
| **GATEWAY, INC.,** § | |
| **LENOVO (UNITED STATES) INC., and** § | |
| **TOSHIBA AMERICA INFORMATION** § | |
| **SYSTEMS, INC.** § § | |
| **Defendants.** § | |

**DEFENDANTS BELKIN INTERNATIONAL, INC, BUFFALO
TECHNOLOGY (USA) INC, D-LINK SYSTEMS, INC., CISCO-LINKSYS LLC,
NETGEAR, INC., PHOEBE MICRO INC., DELL INC., GATEWAY, INC., LENOVO
(UNITED STATES) INC. AND TOSHIBA AMERICA INFORMATION SYSTEMS,
INC.'S REPLY IN SUPPORT OF THEIR MOTION TO STRIKE LINEX'S
INFRINGEMENT CONTENTIONS OR IN THE ALTERNATIVE, MOTION TO
COMPEL LINEX TO PROVIDE INFRINGEMENT
<u>CONTENTIONS THAT COMPLY WITH PATENT RULE 3-1</u>**

## I. Introduction

Linex must stand or fall on exactly what is included in its Infringement Contentions. Although Linex makes a number of general, vague, and ultimately unsupportable arguments regarding the sufficiency of its Infringement Contentions, *Linex noticeably avoids citing the Court to its actual Infringement Contentions.* Linex is forced to avoid its actual Infringement Contentions because they do not come close to showing where each element of each asserted claim is found within each Accused Product. And contrary to Linex's suggestion, it had access to extensive public information regarding the Accused Products.

In an effort to minimize this fact, Linex repeatedly refers to its Infringement Contentions as "preliminary." *E.g.*, Opp. at 2. Yet, Patent Rule 3-6 makes it clear that these important disclosures are deemed Linex's "final" contentions unless the Court's claim construction requires a change or the Court allows leave to amend. *Id.* Infringement Contentions are not, as Linex seems to suggest, just an empty exercise with an eye toward amendment after Linex receives Defendants' document production.

## II. Linex's Infringement Contentions Are Clearly Insufficient

### A. Linex's Attempt to Incorporate the Draft 802.11n Standard is Inadequate.

Linex argues that this case has always been about 802.11n. *See* Opp. at 3. But Linex's Infringement Contentions fail to acknowledge that the 802.11n standard is still in draft form, let alone reference which one of the many voluminous 802.11n drafts Linex was relying upon. *See, e.g.,* Mot., Ex. B.

In any event, Linex's Infringement Contentions do not describe the purported connection between the asserted claims and <u>any</u> draft of the 802.11n standard with enough specificity to

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO**
**STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS** – Page 1
Dallas 261019v1

Dallas 261224v1

allow Defendants to properly prepare a defense. Instead, Linex simply restates the claim language. As one example, Claim 33 requires a "plurality of combiners for combining…." In its Infringement Contentions, Linex accuses the Defendants' products, and, therefore, at least some of the 802.11n drafts, of having "a combiner for resolving the multipath effects." *See, e.g.,* Mot., Ex. B at 10. But Linex does not specifically identify a section, paragraph, sentence, structure, or figure in any 802.11n draft that supposedly operates as or describes such a "combiner." *Id*. Indeed, it appears that 802.11n draft 2.0 does not even *contain* the word "combiner."

Linex must know that simply recycling claim language does not satisfy its obligations under P.R. 3-1. Indeed, Linex tried to supplement its Infringement Contentions with a letter which stated that Linex had produced a draft of 802.11n and cited to 10 pages of the referenced draft.[1]  *See* Motion, Ex. N. Linex does not deny that those 10 pages are not even in its actual Infringement Contentions. More importantly, even if they were, Linex cannot eschew its obligation to provide detailed Infringement Contentions on an element by element basis by simply citing to 10 pages of detailed technical specifications.

Now, Linex is apparently attempting to use its Opposition brief to again supplement its Infringement Contentions. Specifically, Linex presents a single diagram taken from a draft of 802.11n. Opp. at 7. Linex goes on to make several unsupported and conclusory assertions such as: (1) the standard provides an abundance of detail; (2) the standard has "been incorporated in" Linex's Infringement Contentions; (3) the "necessary components and their functions are described in detail in the standard and set out in Linex's [Infringement Contentions];" and (4) the Accused Products "incorporate all the limitations of the asserted claims." *Id.* Incredibly, this is

---

[1]  Linex did not even cite to the most recent draft of 802.11n which further added to the confusion.

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS** – Page 2
Dallas 261019v1

the extent of Linex's argument regarding its attempt to incorporate the draft 802.11n standard in its Infringement Contentions. Linex does not even attempt to show where it actually mapped the asserted claims, or the draft standard, to the Accused Products. Linex has done nothing more than to tell the Court (just like it told Defendants) to go dig through the draft standard and try to figure out what Linex could possibly be asserting in this case.

>    B.    Linex's Charts Do Not Disclose Infringement Contentions for Specific Accused Products.

Linex admits that it has accused a wide "array" of different types of products in this case. Opp. at 1. Linex also admits that this Court has made it clear that it is insufficient to serve one generic Infringement Contention for a wide group of products. *See* Opp. at 6 (citing *ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526 (E.D. Tex. 2005)). Linex tries to distinguish *ConnecTel* by arguing that the plaintiff was allowed to designate exemplary accused products and compare those products on a claim by claim basis. *Id.* But here, *Linex did not even attempt to designate an exemplary product for each product group.* Instead, Linex served the exact same claim chart for *every* Accused Product.

On a related note, Linex admits that several of the Accused Products are not even compliant with the 802.11n draft standard. Opp at 3. Even though Linex's Infringement Contentions are "predicated upon the 802.11n standard," Linex did not provide contentions for even *one* exemplary non-802.11n Accused Product, much less all of them. Linex's sole argument regarding the non-802.11n products is that they have functionality that "overlaps" with 802.11n. Obviously, such a conclusory assertion regarding non-802.11n products would be insufficient even if Linex had provided adequate Infringement Contentions in relation to 802.11n

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO**
**STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS** – Page 3
Dallas 261019v1

Dallas 261224v1

related products.  But the fact it did not makes Linex's contentions regarding non-802.11n products that much more removed from the requirements of P.R. 3-1.

In a footnote, Linex finally concedes that its Infringement Contentions should have been different for different products.  Opp. at 6, n. 4.  While Linex argues that it was unable to ascertain those differences based on publicly available information (Opp. at 3-6), this argument ignores the fact that the Accused Products and related chips, brochures, data sheets, etc. *are* publicly available and that Linex simply opted not to perform the required investigation.  As a result, Linex failed to provide any meaningful comparison between the Accused Products and the asserted claims (or the draft standard).

### C. Linex's Infringement Contentions Fail to Address the Manner in Which OFDM Allegedly Satisfies Claim Requirements Which Cover Spread Spectrum.

Linex argues that it is not required to provide any support for its assertion that products which operate using OFDM satisfy the "spread spectrum" claim limitations.  Opp. at 11-12.  Specifically, Linex argues that this is solely a claim construction issue.  *Id.*  OFDM and spread spectrum have been around for decades and related discussion is included in multiple textbooks.  If Linex is contending that products using OFDM processing meet the claim limitations requiring spread spectrum processing, then Linex should be required to state how it contends OFDM meets those limitations.  This is true whether or not the Court ends up construing the term "spread spectrum."[2]

---

[2] Linex also argues that it was not required to provide these contentions because certain Defendants *subsequently* refused to state, in response to Linex's interrogatories, whether OFDM is a form of spread spectrum.  Opp. at 12.  Linex's Infringement Contentions were due *before* the referenced interrogatory responses.  As courts in the Eastern District have repeatedly held, infringement contentions are designed to set the stage for all subsequent discovery.  *See ConnecTel,* 391 F. Supp.2d at 527.  Obviously, because Linex improperly refused to provide its contentions regarding OFDM in its Infringement Contentions, Defendants were in no way obligated to provide, nor could they have provided, any *counter* contentions relating to OFDM.

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO**
**STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS** – Page 4
Dallas 261019v1

Dallas 261224v1

### D. Linex's Infringement Contentions Fail to Address The Claim Limitations That Require Simultaneous Transmit and Receive.

The asserted claims require both transmission of a signal and reception of that transmitted signal. Mot., Ex. A, '322 Patent at Claims 1, 9, 25 and 33. Therefore, unless the claimed invention is inexplicably designed to talk to itself, the asserted claims require one device to transmit the signal and a separate device to receive that same transmitted signal.

In response, Linex simply observes that the Accused Products "transmit and receive wireless signals." Opp. at 13. But Linex offers absolutely no explanation, either in its Infringement Contentions or in its Opposition, of how a single Accused Product can meet claim limitations requiring both transmission of a signal and reception of the *same transmitted signal*. Linex's sole argument for its omission is that this is a "claim construction" or "expert opinion" issue. Opp. at 13. But once again, Linex offers no support for its assertion. Linex was required to identify "where each element of each claim is found" within each Accused Product. P.R. 3-1. Linex did not do so.

### III. Linex's Actions Have Prejudiced Defendants.

If Linex has its way, it will simply be allowed to amend its Infringement Contentions. But in that event, Linex will have improperly hidden its most basic contentions until after, among other things, Defendants were required to identify claim terms for construction and submit their proposed claim constructions to the Court. This type of strategic ambush is precisely the type of conduct that Patent Rule 3-1 sought to eliminate. *Nike Inc., v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 668 (E.D. Tex. 2007).

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS** – Page 5
Dallas 261019v1

Dallas 261224v1

|  |  |
|---|---|
| Dated: September 5, 2008 | Respectfully submitted, |
|  | By: /s/ Trey Yarbrough |
|  | Trey Yarbrough |
|  | (Texas Bar No. 22133500) |
|  | 100 E. Ferguson St., Ste. 1015 |
|  | Tyler, Texas 75702 |
|  | Telephone: (903) 595-3111 |
|  | Facsimile: (903) 595-0191 |
|  |  |
|  | Ryan K. Yagura (*Pro Hac Vice*) |
|  | Brian M. Berliner (*Pro Hac Vice*) |
|  | Nicholas J. Whilt (*Pro Hac Vice*) |
|  | Timothy L. Lee (Pro Hac Vice) |
|  | O'MELVENY & MYERS LLP |
|  | 400 South Hope Street |
|  | Los Angeles, California 90071-2899 |
|  | Telephone: (213) 430-6000 |
|  | Facsimile: (213) 430-6407 |
|  |  |
|  | Attorneys for Belkin International, Inc. |
|  |  |
|  | By: /s/ Jennifer Parker Ainsworth |
|  | Jennifer Parker Ainsworth |
|  | (Texas Bar No. 00784720) |
|  | WILSON SHEEHY KNOWLES |
|  | ROBERTSON & CORNELIUS PC |
|  | 909 ESE Loop 323 |
|  | Suite 400 |
|  | P.O. Box 7339 |
|  | Tyler, TX 75711-7339 |
|  | Telephone: (903) 509-5000 |
|  | Facsimile: (903) 509-5092 |
|  |  |
|  | Richard D. Kelly (*Pro Hac Vice*) |
|  | Robert Mattson (*Pro Hac Vice*) |
|  | Frank J. West (*Pro Hac Vice*) |
|  | Takahiro Miura (*Pro Hac Vice*) |
|  | Andrew Harry (*Pro Hac Vice*) |
|  | Kenneth Wilcox (*Pro Hac Vice)* |
|  | OBLON, SPIVAK, McCLELLAND |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
<u>STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS</u> – Page** 6
Dallas 261019v1

Dallas 261224v1

    MAIER & NEUSTADT, P.C.
    1940 Duke Street
    Alexandria, VA 22314
    Telephone:  (703) 413-3000
    Facsimile:    (703) 413-2220

    Attorneys for Buffalo Technology (USA), Inc.


By: /s/ Christine Yang
    Nathan J. Prepelka
    The Webb Law Firm
    700 Koppers Building
    Pittsburgh, Pennsylvania 15219
    Tel: (412) 471-8815
    Fax: (412) 471-4094

    Christine Yang
    cyang@sjclawpc.com
    Law Office of S. J. Christine Yang
    17220 Newhope Street, Suite 101-102
    Fountain Valley, California  92708
    Telephone: (714) 641-4022
    Fax: (714)641-2082

    Attorneys for D-Link Systems, Inc.


  By: /s/ Garret Chambers
  Sam Baxter
  *Lead Attorney*
  McKool Smith, P.C.
  Texas State Bar No. 01938000
  sbaxter@mckoolsmith.com
  104 East Houston Street, Suite 300
  P.O. Box 0
  Marshall, Texas 75670
  Telephone: (903) 923-9000
  Fax: (903) 923-9099

  Garret W. Chambers
  Texas State Bar No. 00792160
  gchambers@mckoolsmith.com


**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO**
**STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS – Page** 7
Dallas 261019v1

Dallas 261224v1

R. Darryl Burke
Texas State Bar No. 03403405
dburke@mckoolsmith.com
Kristi Thomas
Texas State Bar No. 24027909
kthomas@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Otis W. Carroll, Jr.
otiscarroll@icklaw.com
Jack Wesley Hill
wesleyhill@icklaw.com
Ireland, Carroll and Kelley, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone:  (903) 561-1600
Fax: (903) 581-1071

Byron Cooper
(CA State Bar No. 166578)
bcooper@goodwinprocter.com
Gregory S. Bishop
(CA State Bar No. 184680)
gbishop@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel: (650) 752-3100
Fax: (650) 853-1038

J. Anthony Downs
(BBO No. 552839)
jdowns@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel: (617) 570-1000
Fax: (617) 523-1231

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS – Page** 8
Dallas 261019v1

Dallas 261224v1

        Attorneys for Cisco-Linksys LLC


        By: /s/ Brian D. Range
        M. Craig Tyler
        Texas State Bar No. 00794762
        Brian D. Range
        Texas State Bar No. 24033106
        WILSON, SONSINI, GOODRICH & ROSATI
        8911 Capital of Texas Hwy. North
        Westech 360, Suite 3350
        Austin, TX 78746
        Tel. (512) 338-5400
        Fax (512) 338-5499

        James A. DiBoise (*Pro Hac Vice*)
        Lead Trial Counsel
        WILSON, SONSINI, GOODRICH & ROSATI
        One Market Street
        Spear Tower, Suite 3300
        San Francisco, CA 94105
        Tel. (415) 947-2000
        Fax (415) 947-2099

        Ryan R. Smith (*Pro Hac Vice*)
        WILSON, SONSINI, GOODRICH & ROSATI
        650 Page Mill Road
        Palo Alto, CA 94304-1050
        Tel. (650) 493-9300
        Fax (650) 565-5100

        Counsel for Defendant Netgear, Inc.


**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO**
**STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS – Page** 9
Dallas 261019v1


Dallas 261224v1

By: /s/ Eric H. Findlay
Eric H. Findlay
Texas State Bar No. 00789886
Andrew W. Stinson
Texas State Bar No. 24028013
Ramey & Flock PC
100 E. Ferguson, Suite 500
Tyler, TX 75702-0629
Tel. (903) 510-5213
Fax (903) 597-2413
E-mail: ericf@rameyflock.com
E-mail: andys@rameyflock.com

William D. Coston
Lead Attorney
Andrew C. Aitken
Venable LLP
575 7th Street, NW
Washington, DC 20004
(202) 344-4000
(202) 344-8300 FAX
acaitken@venable.com
wdcoston@venable.com

Counsel for Defendant Phoebe Micro, Inc.


By: /s/ Daniel T. Conrad
Thomas R. Jackson, Esq.
Attorney-in-Charge
(Texas State Bar No. 10496700)
trjackson@jonesday.com
Daniel T. Conrad, Esq.
State Bar No. 24026608
dtconrad@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Attorneys for Dell Inc.


**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS – Page** 10
Dallas 261019v1


Dallas 261224v1

By: /s/ Darren P. Mareiniss
   Bryan Farney
   Lead Attorney
   Texas State Bar No. 06826600
   Jeffrey B. Plies
   Texas State Bar No. 24027621
   Darren P. Mareiniss
   Texas State Bar No. 24050987
   DECHERT LLP
   300 W. 6th Street, Suite 1850
   Austin, Texas 78701
   Telephone: (512) 394-3000
   Facsimile: (512) 394-3001
   E-mails: bryan.farney@dechert.com
   jeff.plies@dechert.com
   darren.mareiniss@dechert.com

   Eric H. Findlay
   Texas State Bar No. 00789886
   100 East Ferguson, Suite 500
   Tyler, Texas 75702
   Telephone: (903) 597-3301
   Facsimile: (903) 597-2413
   E-mail: efindlay@rameyflock.com

   Attorneys for Gateway, Inc.,
   and Lenovo (United States) Inc.


By: /s/ Irfan A. Lateef
   Irfan A. Lateef
   Craig S. Summers (Pro Hac Vice)
   Irfan A. Lateef
   Cheryl T. Burgess
   KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
   Irvine, CA 92614
   Telephone: (949) 760-0404
   Facsimile: (949) 760-8502
   csummers@kmob.com
   ilateef@kmob.com

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS – Page** 11
Dallas 261019v1

Dallas 261224v1

cburgess@kmob.com
LitTAISL.010L@kmob.com

Trey Yarbrough
(Texas State Bar No. 2213350)
Yarbrough & Wilcox, PLLC
100 E. Ferguson, Suite 1015
Tyler, TX  75702
Telephone:  (903) 595-3111
Facsimile:  (903) 595-0191
trey@yarbroughlawfirm.com

Attorneys for Toshiba America Information Systems, Inc.

/s/  Garret W. Chambers
Garret W. Chambers

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on September 5, 2008.  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

/s/  Garret W. Chambers
Garret W. Chambers

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE LINEX'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS – Page** 12
Dallas 261019v1

Dallas 261224v1