# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **LINEX TECHNOLOGIES, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **BELKIN INTERNATIONAL, INC.,** | § | |
| **BUFFALO TECHNOLOGY (USA), INC.,** | § | |
| **D-LINK SYSTEMS, INC., CISCO-** | § | **Case No: 2:07-cv-00222-LED** |
| **LINKSYS LLC, NETGEAR INC.,** | § | |
| **PHOEBE MICRO, INC., SOHOWARE,** | § | |
| **INC., TRENDNET SYSTEM INC.,** | § | **JURY TRIAL DEMANDED** |
| **WAVION, INC., ACER, INC., ASUS** | § | |
| **COMPUTER INTERNATIONAL, DELL** | § | |
| **INC., GATEWAY, INC., LENOVO** | § | |
| **(UNITED STATES) INC., and TOSHIBA** | § | |
| **AMERICA INFORMATION SYSTEMS,** | § | |
| **INC.** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Defendants Belkin International, Inc., Buffalo Technology (USA)

Inc.,  D-Link Systems, Inc., Cisco-Linksys LLC, Netgear, Inc., Phoebe Micro, Inc., Dell, Inc.,

Gateway, Inc., Lenovo (United States) Inc., and Toshiba America Information Systems, Inc.'s

(collectively "Defendants'") Motion to Strike Infringement Contentions of Linex Technologies,

Inc. ("the Plaintiff") or in the Alternative, Motion to Compel Linex to Provide Infringement

Contentions that Comply with Patent Rule 3-1.  After careful consideration, the Court finds that

the motion is meritorious and should be GRANTED, in part.

Before filing a patent infringement suit, a plaintiff is required to determine specifically

how each element of each asserted claim is allegedly infringed by each accused product.  See

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981,986 (Fed. Circ. 2000).  In doing so, a

plaintiff is required to rigorously analyze all publicly available information. *Orion IP v. Staples,*

*Inc.,* 407 F.Supp.2d 815, 817 (E.D. Tex. 2006).  In short, the Patent Rules establish "high

expectations" as to a plaintiff's preparedness before filing suit.  *Am. Video Graphics, L.P. v.*

*Elec. Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D. Tex. 2005).

Having reviewed the briefing papers and evidence submitted by the parties, and

considered the argument of counsel, the Court finds that Plaintiff Linex has failed to adequately

comply with Local Patent Rule 3-1(b) and (c).

The Court, therefore, **ORDERS Plaintiff Linex** to amend its Infringement Contentions

to comply fully with Local Patent Rule 3-1(b) and (c).  In accordance with the provisions of P.R.

3-1, Plaintiff Linex's Infringement Contentions are expected to show in detail on a claim-by-

claim, element-by-element basis, how each Accused Instrumentality allegedly infringes the

patent-in-suit, citing all public information and identify the documents it believes substantiates

its allegations of infringement.

In particular, the Court **ORDERS** the Plaintiff to serve on Defendants individual and

specific Claim Charts for each and every Accused Instrumentality identified in Linex's March

13, 2008 Infringement Contentions ("Original Infringement Contentions"), based on public

information reviewed prior to the filing of the present lawsuit.

For apparatus claims, Plaintiff shall identify with particularity within each Claim Chart

the components and subcomponents (e.g., integrated circuit part numbers, block diagrams, etc.)

that satisfy each element of each apparatus claim and shall reference all public information

(Product Specifications, White Papers, etc.) substantiating its allegation.  Further, with respect to

asserted Claim 33 of the patent-in-suit, which the Plaintiff represented to the Patent Office was a

Dallas 264339v3                                    2

"means" claim, Plaintiff, consistent with Local Patent Rule 3-1(c), shall provide identity of the structure(s), act(s), or material(s) in each Accused Instrumentality that performs the claimed function. For each process claim, Plaintiff shall identify each component and subcomponent of each Accused Instrumentality that it contends performs the required step and explain how each such limitation is satisfied.

If a claim limitation is alleged to be satisfied by any alleged compliance with an industry standard, Plaintiff shall identify the industry standard at issue, along with any relevant portion of the standard at issue, by version and release number, date, section, subsection, page number, and/or figure number that, if followed, would show that the Accused Instrumentality necessarily satisfies the claim limitation. Further, Plaintiff shall correlate such identified industry standard information with the claim limitation and explain the basis for its belief that said limitation is necessarily satisfied by compliance with the standard, including an identification of the component or subcomponent of each Accused Instrumentality that complies with the industry standard and performs the requisite function. Plaintiff is also expected to state whether the specified functionality or operational mode described by the identified industry standard as the basis for necessarily satisfying the claim limitation is optional or required for compliance with the standard and explain the basis for that belief. Any claim to any other industry standard or version of an industry standard not identified and explained in detail will be found to have been waived by Plaintiff. Any claim to an alternative "basis for its belief" based on the identified standard that is not identified and explained in detail will have been found to have been waived by Plaintiff.

If a claim limitation specifying spread spectrum is alleged to be satisfied by an Accused Instrumentality which uses Orthogonal Frequency Division Multiplexing ("OFDM"), then

Plaintiff shall provide its theories of infringement that show how an Accused Instrumentality employing OFDM, to the extent such modulation is based on 802.11n, satisfies the spread spectrum limitations.  In short, using asserted Claim 25, as an example, Plaintiff is expected to explain in detail how an OFDM functionality within an Accused Instrumentality satisfies all the claim elements having to do with "spread-spectrum processing, . . .," "detecting, . . ., the first spread-spectrum signal and the second spread-spectrum signal, . . ."; and "combining, . . . each of the first plurality of detected spread-spectrum signals, . . . " and "combining, each of the second plurality of detected spread-spectrum signals, . . . ."

The Rules of Practice for patent cases in the Eastern District of Texas are not intended to be punitive, but to provide order and structure to litigation that could otherwise become unmanageable.  Without detailed Infringement Contentions, Defendants cannot adequately prepare their defenses.  See *Am. Video Graphics,* 359 F.Supp.2d at 560.

Plaintiff may not use its amended infringement contentions to change or alter in any way its original theories of infringement.  Plaintiff's amended claim charts shall include word-for-word the language from its original claim charts, so that any additional detail and information required by this Order supplements and does not, in any way, replace Plaintiff's original infringement contentions.   As a result, in view of the fact that Plaintiff did not in its original Infringement Contentions assert any Infringement Contention pertaining to joint infringement or indirect infringement (including both inducing infringement and contributing to infringement), the Court finds such contentions to have been waived.  Similarly, in view of the fact that Plaintiff has not asserted any Infringement Contention under the Doctrine of Equivalents, as required by Local Patent Rule 3-1(d), the Court finds all such contentions to have been waived.  Further, in view of the fact that Plaintiff did not substantiate any Infringement Contention as against

products not allegedly based on IEEE 802.11n Standard, the Court finds all such contentions to such non-802.11n compliant products to have been waived.

Plaintiff has represented to this Court and stated in its sworn Interrogatory Answers that it reviewed certain product literature and data sheets, websites, and various trade journals related to the Accused Instrumentalities and that it performed this analysis prior to filing suit. Therefore, within two weeks of this Order, Plaintiff is expected to amend its Infringement Contentions, as provided above, and to provide Defendants with copies of this information on which it relies for its Infringement Contentions. If for any reason, Plaintiff does not contend that its Infringement Contentions are Final, Plaintiff is expected to identify what additional sources of information it needs, explain how it plans to gather and to collect such evidence, and provide a timeline by which point such efforts will be completed. And, within thirty days of receiving such information, Plaintiff shall update and serve its Final Infringement Contentions.